## MILLER v. NORCROSS et al.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

APPEAL—CASE ON APPEAL—DOCUMENTARY EVIDENCE.

> On the trial plaintiff offered a certificate of the county clerk, which stated that a lis pendens had been filed in March, 1902. Defendant's objection to the certificate as evidence having been sustained, the court stated that, when the original notice of pendency of action was produced, it would be marked "Exhibit 20." The notice of lis pendens had been actually filed and was constructively before the court, but plaintiff's counsel inadvertently failed to have the original paper brought from the files of the court and introduced in evidence. *Held*, that the lis pendens should have been considered as offered in evidence on the settlement of the proposed case on appeal, or the judgment and decision should have been set aside and the trial opened to enable plaintiff to introduce the lis pendens, and the judgment be re-entered.

> [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2495–2499.]

Appeal from Special Term.

Action by Clifford L. Miller against Orlando W. Norcross, impleaded with others. From an order denying plaintiff's motion to produce on the settlement of the proposed case on appeal the lis pendens filed in the office of the county clerk in the action, and directing such lis pendens to be marked as an exhibit, and striking out a finding of fact that no notice of lis pendens had been filed, and substituting in place thereof a finding that a notice of pendency of action had been filed, plaintiff appeals. Reversed and remitted.

See 87 N. Y. Supp. 56.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Cyrus C. Miller, for appellant.
Frank H. Gerrodette, for respondents.

INGRAHAM, J.   I think upon the facts appearing here the court should have granted the plaintiff some relief.   Upon the trial the plaintiff offered in evidence a certificate of the county clerk as to the filing of a lis pendens.   This certificate stated that a lis pendens had been filed in March, 1902.   Counsel for the defendant objected to this certificate as evidence of the filing of the lis pendens.   That objection was sustained, and the court then said that, when the original notice of pendency of action is produced. it will be marked "Exhibit 20." There is no dispute but that the notice of lis pendens had been actually filed, and that the plaintiff intended to offer it in evidence.   It was a part of the record of the court, and the certificate of the county clerk that it had been filed was presented to the court.   Purely by inadvertence the counsel for the plaintiff did not have the original paper brought from the files of the court; but it was perfectly well understood that the paper was to be offered in evidence and the court expressly stated that, when produced, it should be marked "Exhibit 20." Considering the fact that the paper was on file and constructively before the court, I think that was a sufficient offer in evidence of the notice.   If the defendant insists upon the point that the original notice was not actually produced and marked, and insists upon retaining in the decision a finding which is incorrect as shown by the official records of the court, we think the trial judge should set aside the judgment and decision and open the trial, so as to enable the plaintiff to produce this lis pendens from the files of the court, and have it marked in evidence when judgment can be again entered.   But the rights of the plaintiff should not be affected by a pure mistake when from what happened at the trial it seems that the lis pendens was really in evidence and before the court.

With this statement of our views, we think the order appealed from should be reversed, with $10 costs and disbursements, to abide the final result of the appeal from the judgment, if one is taken, and the case remitted to Special Term for further proceedings in conformity with the views here expressed.   All concur.